Brown et al. *v.* Haven.

---

## BROWN, WOOD & WASHBURN *v.* P. E. HAVEN.

*Contract. Guaranty. Damages. Pleading.*

The plaintiffs purchased of one Reynolds a canal boat, and took a bill of sale thereof, on which was executed by Reynolds, as part of the same transaction, a stipulation as follows: "I further agree that there is no incumbrance on said boat except what is held by P. E. Haven, and about $25. to William Cain on her sails, and I agree to pay said Cain and clear said sails from said Cain's incumbrance as soon as practicable." At the same time, and as one of the inducements to the

plaintiffs to make the purchase, Reynolds procured the defendant to execute on the back of said instrument the following guaranty: "I guarantee that said Reynolds shall clear said canal boat from said William Cain's claim on said sails as he has within agreed." Cain's claim amounted to about $70. instead of $25. at the date of defendant's guaranty, and existed under a bill of sale given by Reynolds to Cain to secure the price of the sails prior to the plaintiffs' purchase, and embraced the boat as well as the sails. All parties supposed at the time of the contract that Cain's claim was but $25. *Held,* that this agreement of Reynolds was an agreement not merely to pay a twenty-five dollar claim, but to pay Cain's claim, whatever it might be; that the words "about $25." are words of description merely, not words of limitation. *Held,* also, that upon breach of this agreement the defendant became liable on his guaranty to the full extent of Cain's incumbrance.

Cain replevied the boat in the hands of one of the plaintiffs after their said purchase, and recovered judgment for the amount of his claim on the sails, and the defendant and Reynolds had notice of the suit and the former conducted the defence. *Held,* that the defendant is bound by the result; and having advised the plaintiffs that it was their duty to defend the suit, he is liable for the costs and expenses thereof, the amount of Cain's lien on the sails being less than the value of the sails.

One of the plaintiffs, previous to the bringing of this suit, had sold his interest in the boat, including his interest in the contract of purchase, to one of the other plaintiffs, and the other plaintiffs had made the whole payment of Cain's judgment. *Held,* that this did not make him, who had sold, an improper party to this suit.

ASSUMPSIT upon a guaranty in a special count and in the general counts. The case was tried by the court upon an agreed statement of facts.

The court, at the September Term, 1864, PIERPOINT, J., presiding, rendered judgment *pro forma* for the defendant to recover his costs,— to which judgment the plaintiffs excepted.

The facts agreed upon were as follows : On the 15th day of February, 1860, one S. A. Reynolds, being the owner (with the exceptions hereinafter mentioned) of the canal boat "Trojan," her sails, rigging, masts, spars, booms, cabin furniture and all other appendages, then lying at harbor in Burlington, Vermont, sold the same, at Essex, in the state of New York, to the plaintiffs for the sum of $500., the sails on said boat being worth $100. or thereabouts, which sum of $500. was paid by the plaintiffs to Reynolds. Reynolds on that occasion executed and delivered to the plaintiffs a bill of sale of said property.

At the time of the sale Reynolds was inquired of as to whether there was any incumbrance on said boat, and he represented that

there was none except a claim of about $25. in favor of one William Cain, of Whitehall, on the sails of said boat. Both the plaintiffs and the defendant in this suit believed such to be the fact, and neither of the parties had any notice, actual or constructive, of any other incumbrance on the boat, her tackle, &c.

At the same time, and as a part of the same transaction, Reynolds executed and delivered to the plaintiffs a paper (on the same sheet with the bill of sale) in the words following, to wit:

" I further agree that there is no incumbrance on said boat except what is held by P. E. Haven, and about $25. to Wm. Cain on her sails, and I agree to pay said Cain and clear said sails from said Cain's incumbrance as soon as practicable.

S. A. REYNOLDS."

The incumbrance to P. E. Haven was paid off at the time of said sale. At the time and before the consummation of the sale by Reynolds to the plaintiffs, the plaintiffs exacted security of Reynolds against any claim on the boat, her sails, tackle, &c., who procured the defendant to execute as his surety a paper to the plaintiffs of the following tenor, on the back of the other papers signed by Reynolds:

" I guarantee that said Reynolds shall clear said canal boat from said William Cain's claim on said sails, as he has within agreed.

P. E. HAVEN."

Which paper was delivered to the plaintiffs.

Haven would not have signed said paper had he supposed or believed that there was any other claim upon the boat than the claim of Cain of $25. on the sails. Nor would the plaintiffs have consummated the trade but for the guarantee of the defendant, they relying thereon as security against any incumbrance on the boat, her sails, tackle, &c.

The plaintiffs thereupon took possession of the boat, her tackle, &c., and continued in the exclusive possession of the same until the 1st day of April, 1860, when H. L. Wood, one of the plaintiffs, sold to Brown, another of the plaintiffs, all his interest in the partnership property and effects of Brown and Wood, and all his interest in said boat, tackle, &c., and since that time has had no interest in the same, and has none now. And from thence said Brown and Wash-

29

burn had the exclusive possession of the same until the 20th day of June, A. D. 1861, when Washburn, having the boat in his custody at Whitehall, in the state of New York, William Cain brought this action of replevin against Washburn for said boat, her tackle, &c., and took the same, which was re-delivered to Washburn upon his giving security to return the same or pay the judgment which might be rendered in said suit.

Cain's suit was based upon the bill of sale from Reynolds to him, which was given as security for the payment by Reynolds to Cain of the price of the sails on said boat; and there was due Cain under said bill of sale when said suit was commenced, the sum of $78.08. Said suit was prosecuted to final judgment.

By the laws of the state of New York chattel mortgages not recorded in the town clerk's office are void as against subsequent *bona fide* purchasers of the property, and the above named mortgage was not so recorded.

It was further agreed that Brown and Washburn paid, before the commencement of this suit, said judgment, amounting to the sum of $78.08, damages, and $75.85, costs of that suit—which sums they were compelled to pay, in order to retain possession of said boat, &c. Brown and Washburn also paid for costs in and about said suit the sum of $88.93.

It was also agreed that immediately after the seizure of the boat at Whitehall by Cain, said Washburn informed Haven of the commencement of the suit, and Haven advised him that it was his duty to defend it, and the suit was fully defended, and Haven acted as counsel therein.

It was further agreed that Reynolds never paid Cain any claim for sails which he had at the time of the sale from Reynolds to the plaintiffs; that Reynolds was duly notified of the pendency of said suit, and requested by Brown and Washburn to fix the matter up; this he neglected to do, and paid no attention to the matter. Reynolds then was and since has been insolvent. The plaintiffs have never received any portion of the amounts which they have so paid in the premises from any person.

*J. French* and *H. W. Dana*, for the plaintiffs, maintained that the claim of Cain upon the boat was covered by the defendant's guar-

anty. Fell on Guaranty, 140 ; Theobold on Principal and Surety, 45, 46 ; *Noyes & Co.* v. *Nichols*, 28 Vt. 159 ; *Mason* v. *Pritchard*, 12 East, 227 ; *Mayer* v. *Isaacs*, 6 M. & W. 605 ; *Hargrave* v. *Smee*, 6 Bing. 244 ; *Drummond* v. *Prestman*, 12 Wheat. 516.

The plaintiffs are entitled to recover the amount of the judgment in the case of Cain against Washburn.

- That judgment was founded on the claim against which the defendant's guaranty was given, and the action was fully defended, and that in good faith. *Carpenter* v. *Pier*, 30 Vt. 81 ; *Knapp* v. *Marlboro*, 34 Vt. 235 ; *Pitkin* v. *Leavitt*, 13 Vt. 379 ; *Clark* v. *Carrington*, 7 Cranch. 708 ; *French* v. *Parish*, 14 N. H. 496 ; *Kip* v. *Brigham*, 6 Johns. 158 ; *Duffield* v. *Scott*, 3 Term, 374 ; *Bander* v. *Fremberger*, 4 Dallas, 436 ; *Hamilton* v. *Cutts*, 4 Mass. 349 ; *Brown* v. *Taylor*, 13 Vt. 631 ; *Warner* v. *McGary*, 4 Vt. 507 ; *Walker* v. *Ferrin*, 4 Vt. 523 ; *Boorman* v. *Johnson*, 12 Wend. 446 ; *Barney* v. *Dewey*, 13 Johns. 224 ; *Tarleton* v. *Tarleton*, 4 M. & S. 20 ; *Burs* v. *Pinney*, 12 Wend. 309 ; Phillips on Ev., C. & H. Notes, 2, 44, 174.

As to the recovery of these plaintiffs' costs and expenses in the suit Cain against Washburn :

Where a party holding an indemnity against a claim is obliged by legal proceedings to pay the demand in the first instance, it is well settled that he can recover against the indemnitor not only the amount which he is obliged to pay, but also his costs and expenditures incurred in defending the action. Sedgwick on damages, 325, *et seq.; Baker* v. *Martin*, 3 Barb. 634 ; *Mott* v. *Hicks*, 1 Cowen, 513 ; *Downer* v. *Baxter*, 30 Vt. 467 ; *Duffield* v. *Scott*, 3 Term, 374 ; *Smith* v. *Compton*, 3 B. & Ad. 407. And especially where, as in this case, the indemnitor is notified of the pendency of the suit. Sedgwick on Damages, 327 ; *Ex parte* Marshall, 1 Atk. 262 ; *Kip* v. *Brigham*, 7 Johns. 168 ; *N. York State M. Ins. Co.* v. *Prot, Ins. Co.*, 1 Story, 458.

*Levi Underwood*, for the defendant.

PECK, J. 1. One question made in this case is, whether the claim in favor of Cain upon the property purchased by the plaintiffs of Reynolds, and which the plaintiffs were afterwards compelled to pay, comes within the scope of the defendant Haven's guaranty. This involves a question of construction of the guaranty, as bearing

upon the question whether the claim which the plaintiffs were compelled to pay, and for which they claim to recover, is the one referred to in the defendant's guaranty. When the plaintiffs purchased of Reynolds the canal boat Trojan, together with the sails, rigging, &c., and other appendages, *with* and *on* the boat, and took the bill of sale thereof from Reynolds, Reynolds, as part of the same transaction, executed to the plaintiffs, on the same piece of paper with the bill of sale, the following stipulation : " I further agree that there is no incumbrance on said boat except what is held by P. E. Haven, and about $25. to Wm. Cain on her sails, and I agree to pay said Cain and clear said sails from said Cain's incumbrance as soon as practicable." At the same time, and as one of the inducements to the plaintiffs to make the purchase, Reynolds procured the defendant to execute on the back of said instrument the following guaranty : "*I guarantee that said Reynolds shall clear said canal boat from said William Cain's claim on said sails, as he has within agreed.*"

It is conceded in the agreed statement of facts upon which the case was tried, that in 1861, when Cain replevied the boat and its appendages, including her sails, to enforce his claim, it amounted to $78. which must have included some interest ; so that, as is assumed in argument, it must have been about $70. at the date of the defendant's guaranty. This claim existed under a bill of sale given by Reynolds to Cain, to secure the price of the sails, prior to the plaintiffs' purchase. That bill of sale or mortgage embraced the boat as well as the sails. It is insisted by the defendant's counsel that this claim which the plaintiffs were compelled to pay to Cain, being $70. instead of $25., and being upon the boat as well as upon her sails, instead of being on her sails only, is not the claim referred to in the defendant's guaranty, and not embraced in it. In determining this question, so far as it depends on the construction of the defendant's guaranty, it is necessary to refer to the agreement of Reynolds, since the defendant in his guaranty on the back of Reynolds' agreement, refers expressly to what Reynolds "*has within agreed.*" It is obvious, however that the defendant's engagement was not intended, and cannot be construed, to be co-extensive with that of Reynolds. That stipulation in Reynolds' agreement by which he agrees that there is no incumbrance upon the property except the two claims mentioned

in his contract, is clearly not within the defendant's guaranty. But Reynolds agrees further—he says in his contract, "*and I agree to pay said Cain and clear said sails from said incumbrance as soon as practicable.*" The defendant at the same time on the back of the same instrument says, "I guarantee that said Reynolds shall clear said canal boat from said William Cain's claim on said sails *as he has within agreed.*" What had Reynolds agreed in relation to clearing said canal boat from Cain's claim on said sails? Whatever Reynolds had agreed in relation to it, the defendant guaranteed, and no more. The agreement of Reynolds to pay and clear off Cain's incumbrance as soon as practicable, is an agreement not merely to pay a twenty-five dollar claim, but to pay that claim, whatever it might be, notwithstanding in a previous part of his contract he has stipulated that there is no incumbrance except to Haven and about $25. to Wm. Cain. In construing the stipulation to pay and clear off the incumbrance to Cain, the previous words, "about $25." are to be regarded as words of description merely to identify the claim, and not words of limitation of the amount Reynolds is to pay on it. His agreement is to pay and clear off that claim. The fact that it turns out to be $70. instead of $25. does not destroy its identity ; nor does the fact that it turns out to be secured not only upon the sails but upon the boat also. It is no less a claim upon the sails because it is upon the boat also. It is an incumbrance due to Cain, and there can be no doubt of its being the same debt Reynolds agreed to pay and clear off, although the description of it is in one particular inaccurate, and in another incomplete. Reynolds, therefore, was guilty of a breach of his stipulation to pay and clear off this claim in a reasonable time. The defendant having guaranteed this stipulation of Reynolds, is liable for the breach of it. The question is, whether the claim the plaintiffs were compelled to pay is the same claim in fact that is referred to in the defendant's guaranty. It is a question of identity. In the absence of fraud on the part of the plaintiffs, the fact that Cain's claim was $70. instead of $25. cannot absolve the defendant from his guaranty, nor limit his liability to $25. There was no fraud on the part of the plaintiffs, as it is stated in the case that all parties supposed at the time of the contract that Cain's claim was but $25. The statement in the case

that the defendant would not have signed the guaranty had he known that Cain's claim exceeded $25. cannot vary the case; especially as it is also stated that the plaintiffs would not have made the purchase but for the defendant's guaranty, they relying on it as security.

2.   It is insisted that as the plaintiffs rely on the judgment in the action of replevin to establish the existence and amount of Cain's lien, and as it appears that Cain's bill of sale, not having been recorded, was inoperative by the laws of New York as against *bona fide* purchasers, there could have been no recovery in favor of Cain without showing that the plaintiffs had notice, when they purchased, of Cain's lien and its amount.   It is argued from this that the judgment in favor of Cain against Washburn, one of the plaintiffs, is conclusive evidence that the plaintiffs purchased with notice, not only of the existence, but of the amount of Cain's lien, and that they were guilty of a fraud in omitting to inform the defendant of the true amount of Cain's incumbrance.   But notice to the plaintiffs when they purchased, that Cain had a lien on the sails, although they were informed by Reynolds that its amount was only $25., was sufficient to warrant a recovery by Cain for the full amount of his claim.   The notice was sufficient to put the plaintiffs and the defendant on inquiry.   But if this is not so, and the judgment in favor of Cain is erroneous in this respect, it is binding on the defendant, as he and Reynolds had notice of the suit, and the defendant advised to defend it, and, as counsel, conducted the defence.   Even if it was necessary in order to warrant a recovery by Cain to the full amount of his claim, to show that the plaintiffs purchased with notice of its true amount, we cannot treat the judgment as conclusive evidence that the plaintiffs purchased with such notice, when it is expressly admitted in the agreed statement of facts, that when the plaintiffs purchased, all parties supposed Cain's claim was only $25.   This express admission is a waiver of such estoppel, even if it might otherwise have availed the defendant, which is by no means conceded, and which is not necessary to decide.

3.   It is also insisted that the judgment in favor of Cain is not conclusive against the defendant.   But as the defendant and Reynolds had seasonable notice of the suit, and an opportunity to defend it, and as the defendant conducted the defence, he is bound by the

result; and as the defendant advised the plaintiffs that it was their duty to defend the suit, he is liable for the costs and expenses of the suit, as the amount of Cain's lien on the sails did not exceed the value of the sales. The plaintiffs could not, at the commencement of the suit, have lessened their damages by giving up the sails, even if Cain's lien had been only upon the sails.

4. It is insisted by the defendant's counsel, that as the lien of Cain turned out to be upon the boat as well as upon the sails, the plaintiff can recover only such proportion of Cain's claim as the value of the sails bears to the aggregate value of the boat and sails; and that as the boat was worth $400. and the sails $100. the plaintiff can recover only one-fifth of the amount of Cain's claim. But in order to entitle the defendant to an apportionment, it must appear that as between the defendant and the plaintiffs, there was a common duty resting on them to discharge the lien. Reynolds agreed "*to pay said Cain* and clear said sails from said Cain's incumbrance." No other mode of clearing the sails from the incumbrance, than by payment of the debt, would be a performance, unless it were equally beneficial to the plaintiffs. The defendant in this respect stands in the condition of Reynolds, because his undertaking is, that "Reynolds shall clear said canal boat from said William Cain's claim on said sails *as he has within agreed;*" that is, by paying the debt. As the defendant could not have satisfied his contract except by paying or extinguishing the whole debt, it is clear that as between the plaintiffs and the defendant, there was no common duty, and that there is no ground for an apportionment.

5. As to the alleged variance in the description of the defendant's guaranty, it cannot prevail. If there is such variance it might have been cured by an amendment of the declaration; and it is stated in the agreed statement of facts, that "the court is to render such judgment as is warranted by law upon the plaintiffs' declaration as the same now stands, *or as it might be amended.*"

-There is no such misjoinder of parties as claimed by the defendant's counsel. The action is brought by the parties with whom the defendant and Reynolds contracted. The fact that one of the plaintiffs subsequently sold out his interest in the boat, and its appendages, including his interest in the contract of purchase, to one of the

other plaintiffs, and that the other plaintiffs made the whole payment to Cain, of his judgment, does not make him an improper party to the suit. The action is in the name of the parties having the legal interest in the contract.

The judgment of the county court is reversed, and judgment for the plaintiffs for the amount of the damages and costs recovered by Cain against Washburn, together with the plaintiffs' expenses in defending that suit.